UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

IN RE APPLICATION OF DR. HELEEN MEES,

                          Applicant,

For Leave to Issue Subpoenas for the Taking of a
Deposition and the Production of Documents
Pursuant to 28 U.S.C. § 1782

---------------------------------------------------------------x

No. 14 Misc. 0088-P1
ECF Case

**DECLARATION OF
ADRIENNE B. KOCH**

I, Adrienne B. Koch, declare as follows under penalty of perjury:

    1.    I am a member of Katsky Korins LLP, attorneys for respondent Willem H. Buiter in the above-captioned application (the "Application") by Heleen Mees, pursuant to 28 U.S.C. § 1782, for leave to serve two subpoenas that would require Mr. Buiter – who has an Order of Protection against Ms. Mees that requires her (among other things) to "stay away from" him and prohibits her from contacting him either directly or "through any third parties"[1] – to produce voluminous personal records and to sit for a deposition concerning his "interactions" with her, all to further her counsel's "investigation" of "potential claims" against him for defamation. I make this declaration to place before the Court certain procedural facts of which I have personal knowledge.

    2.    Attached hereto as Exhibit A is a copy of my April 10, 2014 letter to the Court (Sweet, J.) concerning my request for an extension of Mr. Buiter's time to oppose the Application. Attached hereto as Exhibit B is a copy of the letter Ms. Mees's counsel, Olav Haazen, submitted on the same date in opposition to that request.

---

[1] *See* Declaration of Darryl Smalls, dated April 14, 2014, Exh. 2.

3. The adjournment itself is no longer relevant to any issue before the Court. Mr. Haazen's letter to the Court, however, remains relevant to two such issues:

   a. First, as the email chain attached to that letter shows, Mr. Haazen indicated that he would agree to the adjournment I was requesting *if* Mr. Buiter would agree to a stipulation tolling "the time for Ms. Mees to initiate legal action against Mr. Buiter, *either in the Netherlands or in the United States*". (*See* Exh. B, attachment at 2 (email from Olav Haazen to me dated April 8, 2014 at 10:48 a.m.); emphasis added).[2]

   b. Second, Mr. Haazen's letter confirms that, if Ms. Mees files suit in the Netherlands, she will argue against the application of New York law to her claims – which, as detailed in Ms. Mees's own papers, in the accompanying declaration of Mr. Buiter, and in the accompanying Memorandum of Law, are based on a contention that statements Mr. Buiter (a United States citizen who resides in New York)[3] made to the New York City Police Department in police reports relating to the prosecution of Ms. Mees (a Dutch national residing in New York)[4] in New York City Criminal Court for stalking and harassment. Specifically, in that letter Mr. Haazen characterizes my position that New York law should apply to any such claim as "counterintuitive[]". (*See* Exh. B at 2).

---

[2] Mr. Haazen's letter correctly notes that although we initially were agreeable in principle to his proposal, we ultimately could not give him the stipulation he requested. I explained the reasons for this to Mr. Haazen, and they are set forth in my own letter to the Court. (*See* Exh. A at 2).

[3] *See* Declaration of Willem H. Buiter, dated April 15, 2014, ¶ 7.

[4] *See* Mov. Br. at 1.

4.       As explained in the accompanying memorandum of law (at 9, 11-12, and 15-16), each of these facts weighs against granting Ms. Mees's application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2014, in New York, New York.

*[Signature]*
Adrienne B. Koch